UNITED STATES of America, Appellee,

v.

Edmond FIGUEROA, Defendant-Appellant.

No. 68, Docket 27852.

United States Court of Appeals Second Circuit.

Argued Oct. 8, 1963.

Decided Oct. 21, 1963.

**730**

---

Gretchen White Oberman, The Legal Aid Society, New York City (Anthony F. Marra, The Legal Aid Society, New York City, on the brief), for defendant-appellant.

Ezra H. Friedman, Asst. U. S. Atty., S.D.N.Y., New York City (Robert M. Morgenthau, U. S. Atty., and James M. Brachman, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM.

Defendant was arrested without a warrant by narcotics agents, who, on the basis of the information of a reliable informant and their own investigation and surveillance, had reason to believe that he was a seller of narcotics and was then in possession of a quantity of heroin. Prior to his trial, defendant moved to suppress the evidence consisting of narcotics obtained in the search subsequent to his arrest, on the grounds that he was arrested without probable cause and that the subsequent search was illegal. This motion was carefully considered and denied by Judge Cashin prior to the trial. D.C.S.D.N.Y., 204 F. Supp. 641. Defendant now renews his contention and argues that the forcible entry of the agents was illegal because they did not state their purpose as required by Wong Sun v. United States, 371 U.S. 471, 482, 83 S.Ct. 407, 9 L.Ed. 2d 441.

In this case, unlike Wong Sun, the agents immediately identified themselves without attempt at deception. As in United States v. Nicholas, 2 Cir., 319 F. 2d 697, the conduct of defendant and his aunt on learning the agents' identity made the announcement of their purpose a "useless gesture." This conduct, combined with the easily disposable nature of the evidence sought, justified their subsequent actions. See Wong Sun v. United States, 371 U.S. 471, 483–484, 83 S.Ct. 407, 9 L.Ed.2d 441; cf. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726.

Our thanks are due Mrs. Oberman and the New York Legal Aid Society for effective representation of the defendant on assignment of the court.

Affirmed.