UNITED STATES of America
v.
Daniel BOZZA et al., Defendants.
No. 64-CR-260.
United States District Court
E. D. New York.
Sept. 25, 1964.

Joseph P. Hoey, U. S. Atty., Eastern District of New York, Martin R. Pollner, Asst. U. S. Atty., of counsel, for United States of America.

Jerome Lewis, Brooklyn, N. Y., for defendant Anthony Santangelo.

BARTELS, District Judge.

This is a motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S. C.A., by the defendant Anthony Santangelo. The offenses alleged against this defendant are contained in fourteen counts of the indictment and constitute a series of acts committed with a number of others, involving the theft of United States Postal Money Orders, the transportation in interstate commerce, the forging, passing and publishing of said

money orders, and a conspiracy to commit such acts, all in violation of Title 18 of the United States Code, Sections 2314, 2115, 641, 500, 371 and 2.

The demand is for particulars with respect to the following:

"1. As to Counts Seven to Nineteen inclusive, the exact date when the alleged stolen money orders were transported from New Jersey to the Eastern District.

"2. The places in the Eastern District where the alleged stolen money orders were transported.

"3. Whether the defendant is accused of personally committing the alleged crimes or accused of aiding and abetting in the commission of said crimes and if so the means by which it is claimed he so performed such acts.

"4. Whether the offenses so charged were committed in the morning, afternoon or night of the days charged.

"5. Whether any of the persons mentioned in the indictment were in the employ of the Government or acting at its instance.

"6. As to the conspiracy count alleged in Count Twenty, when the Government charges that the defendant SANTANGELO entered the alleged conspiracy; whether the Government claims the defendant ever had possession of the alleged stolen money orders; whether the Government claims the defendant forged any money orders and what the Government claims this defendant did to further the alleged conspiracy."

After due consideration, the Court is of the following opinion:

Demands No. 1 and No. 2 having been consented to, are granted.

■ Demand No. 3. The indictment sets forth with sufficient clarity the criminal acts alleged to have been committed by the defendant and the role he played in connection therewith. He is not entitled to know "the means by which it is claimed he so performed such acts", inasmuch as such information falls within the category of evidence. United States v. Brennan, D.Minn.1955, 134 F.Supp. 42, 52–53. Denied.

■ Demand No. 4. Defendant is charged with conspiracy as well as with substantive offenses, some of which are clearly of a continuous nature. There is nothing in the defendant's affidavit which indicates that this information is necessary to enable him to prepare for trial or to prevent a surprise. Moreover, to require the Government to furnish this information under the circumstances would not only unduly restrict its proof but would also enable defendant in case of an immaterial discrepancy between the bill of particulars and the testimony to introduce an element of confusion to the jury. United States v. Kahaner, S.D. N.Y.1962, 203 F.Supp. 78, 84, aff'd, 2 Cir.1963, 317 F.2d 459, cert. denied, 1963, 375 U.S. 836, 84 S.Ct. 74, 11 L.Ed.2d 65. Denied.

■ Demand No. 5. This is a legitimate request, United States v. Vasquez, S.D.N.Y.1958, 25 F.R.D. 350, cert. denied, 1961, 365 U.S. 887, 81 S.Ct. 1040, 6 L.Ed.2d 197; United States v. Bentvena, S.D.N.Y.1960, 193 F.Supp. 485, 499, aff'd, 2 Cir.1963, 319 F.2d 916, cert. denied, 1963 [Ormento v. U. S., Di Pietro v. U. S., Fernandez v. U. S., Panico v. U. S., Galante v. U. S., Loicano v. U. S., Mancino v. U. S., Sciremammano v. U. S., Mirra v. U. S.], 375 U.S. 940, 84 S. Ct. 345, 346, 353, 355, 360, 11 L.Ed.2d 271, 272, and is accordingly granted.

■ Demand No. 6. This refers to the conspiracy count. A conspiracy is usually established by circumstantial evidence and is based upon the totality of the acts of all of the conspirators. Whether the defendant ever had in his possession the alleged stolen money orders or forged the same are details of the conspiracy evidentiary in character and

unnecessary in the preparation of the defendant's case. United States v. Bentvena, supra. The acts of one conspirator in furtherance of the conspiracy during its existence are binding upon all and each conspirator need not perform every act in order to be culpable. United States v. Kahaner, supra; United States v. Simon, S.D.N.Y.1962, 30 F.R.D. 53, 54–55. Likewise, the defendant is not entitled to know the date on which he is alleged to have entered the conspiracy because it is minutia which is not necessary to the preparation of his case but which might seriously hamper or foreclose the prosecutor in the proof of his case. United States v. Bentvena, supra; United States v. Figueroa, S.D.N.Y.1962, 204 F.Supp. 641, 644, aff'd, 2 Cir.1963, 323 F.2d 729. Denied.

Settle order within ten (10) days on two (2) days' notice.