**UNITED STATES of America,**
**Appellee,**

v.

**Peter BERATA and Andrew Rutto,**
**Appellants.**

**No. 406, Docket 28923.**

United States Court of Appeals
Second Circuit.

Argued March 5, 1965.

Decided March 30, 1965.

Rehearing Denied April 14, 1965.

Ernst H. Rosenberger, New York City, for appellants.

Otto G. Obermaier, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, Martin R. Gold, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

Appellants Berata and Rutto and a co-defendant Richardson were tried by

the district judge sitting without a jury for violating the federal narcotics laws, 21 U.S.C. §§ 173, 174 (1958), and for conspiracy to violate those sections. The co-defendant Richardson was indicted and convicted on three substantive counts based on transactions with a government agent on November 13, December 6, and December 12, 1962. The appellants were indicted and convicted on the conspiracy count and only two substantive counts based on the two later transactions. However, in his findings of fact the trial judge held that on all three occasions Rutto "aided and abetted in the sale and had actual possession and concealed and facilitated the transportation of heroin" and Berata "aided and abetted in the sale and had constructive possession of the heroin in that he exercised dominion over it, and a certain amount of control." The appellants contend that this finding is clearly erroneous and unsupported in the evidence as to the transaction which took place on November 13, and that this assertedly erreoneous finding prejudiced the trial court's consideration of all three counts upon which appellants were convicted.

 The government urges that the trial judge could properly have drawn the inference that Berata and Rutto aided, or participated in, the November 13 transaction from the character of the two later transactions and from conversations between Berata and Rutto which were overheard by a Government agent. We need not rule on this point since the finding was at most mere surplusage. The conviction on the two substantive counts was supported by actual eyewitness testimony of several agents. The evidence was more than sufficient for conviction.

On defendants' request for inspection of the grand jury minutes the judge examined them and denied the request, announcing that he found no inconsistency.

The appellants quarrel with the failure of the trial judge to reexamine the minutes to ascertain whether the testimony of other agents who testified later in the trial was inconsistent with hearsay testimony as to their observations given by agent Holborow who was the only witness before the grand jury. (See United States v. Borelli, 336 F.2d 376, 390–392 (2d Cir. 1964), cert. denied sub. nom. Cinquegrano v. United States, 379 U.S. 960, 85 S.Ct. 647, 13 L.Ed.2d 555 (1965).) In the absence of any request by the defendants for a second examination of the minutes we hold that there was no reversible error.

We have ourselves examined the minutes and while there are several minor inconsistencies and the judge would have been justified in allowing the defendants to inspect the minutes, we do not find that his refusal to do so was an abuse of discretion.

Affirmed.