UNITED STATES of America,

v.

Herbert J. WALLACE, Herman D. Wallace, William J. Huggins, Walter I. Huggins and William Moore, Defendants.

No. 67 Cr. 392.

United States District Court
S. D. New York.

July 11, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, by John R. Bartels, Jr., Asst. U. S. Atty., New York City, for the United States.

M. Arthur Hammer, New York City, for defendants William J. and Walter I. Huggins.

MANSFIELD, District Judge.

The motion of the defendants William J. Huggins and Walter I. Huggins for a bill of particulars is disposed of as follows:

■ Item 1: Granted on consent of the Government.

Items 2 and 3: Denied for the reason that they are duplicative and call for the same information to be furnished in response to Item 1 above.

■ Items 4 and 5: Granted to the extent that the Government will furnish the approximate amount of money that each of the defendants is alleged to have had in his possession at or about the time alleged in Count 2 of the indictment and the person or persons, if known to the Government, from whom it is alleged that such money was received. The Government's objection on the ground that failure to prove the exact amount could introduce an element of confusion at trial, United States v. Bozza, 234 F.

Supp. 15, 16 (E.D.N.Y.1964), is overruled for the reason that the trial judge can adequately protect the interests of the Government by instructing the jury on the subject of immaterial variances. See United States v. Glaze, 313 F.2d 757, 761 (2d Cir. 1963).

Item 6: Denied on the ground that it seeks evidentiary details, which are not required to be furnished in a bill of particulars.

Item 7: Denied for the reasons set forth in detail by this Court in United States v. Louis Carreau, Inc., 67 Cr. 42 F.R.D. 408 (D.C., June 30, 1967). In the event, however, that the Government proposes to offer into evidence at trial as part of the Government's own direct case-in-chief (as distinguished from using the same for cross-examination purposes) any prior statements made by the movants, the Government is directed to permit inspection by them at least one week before commencement of trial.

So ordered.