UNITED STATES of America,
Appellee,

v.

Robert ANDREWS, a/k/a Robert Turqe,
Appellant.

No. 467, Docket 30763.

United States Court of Appeals
Second Circuit.

Argued May 31, 1967.

Decided Aug. 9, 1967.

John S. Allee, Michael W. Mitchell, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., Southern District of New York, for appellee.

Phylis Skloot Bamberger, Anthony F. Marra, New York City, for appellant.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction entered upon a jury verdict in the United States District Court for the Southern District of New York. Appellant was charged in a one count indictment with having sold 20 grams of heroin in violation of 21 U.S.C. §§ 173, 174. He received the mandatory minimum sentence of five years imprisonment. We find no merit in the points appellant raises upon appeal and his conviction is affirmed.

Before his trial appellant moved for a bill of particulars requesting, among other information, the "precise manner in which the crime charged in the indictment is alleged to have been

committed." The court below upheld the Government's refusal to answer this request, and appellant alleges this ruling prejudiced him in preparing his defense. He states he did not know until trial that the Government claimed that its undercover agent was introduced to him by an informant, and that if the request had been answered he might have presented a successful entrapment defense. However, the trial court was within its discretion in allowing the Government to refuse to answer this broadly worded demand by appellant. Moreover, appellant's own trial testimony indicates that before trial he learned that the one who introduced the undercover agent to him was indeed an informer. If, despite this, appellant nevertheless was surprised by the Government's evidence, his proper remedy would have been to seek a continuance at the time when the evidence that surprised him was revealed. See United States v. Glaze, 313 F.2d 757, 760 (2 Cir. 1963).

■ At the trial appellant requested, for the purposes of cross-examination, the grand jury testimony of the government agent who bought the heroin and who testified at trial to the purchase. Appellant was informed that this witness had not testified before the grand jury. Appellant made no further effort at trial to obtain any of the grand jury minutes, but upon appeal he maintains that the trial court should have ordered turned over to him the grand jury testimony of the agent or agents who did testify before the grand jury. As the trial court was not apprised of his desire for them, appellant cannot be heard now to complain that unrequested grand jury minutes were not made available, for in the absence of any request at trial there was no duty to turn them over to him, see United States v. Berata, 343 F.2d 469 (2 Cir.), cert. denied, 382 U.S. 812, 86 S.Ct. 28, 15 L.Ed.2d 60 (1965) and he may not raise the point on appeal, United States v. Indiviglio, 352 F.2d 276 (2 Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

■ Appellant also claims that the indictment was defective because it was based on hearsay testimony. The presentation of hearsay testimony before the grand jury is clearly permissible, and indictments based thereon are valid indictments under the rule of Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), even though recently the practice has been subjected to judicial criticism in this circuit. See United States v. Umans, 368 F.2d 725, 730 (2 Cir. 1966), cert. granted, 386 U.S. 940, 87 S.Ct. 975, 17 L.Ed.2d 872 (1967); United States v. Payton, 363 F.2d 996, 999 (2 Cir.), cert. denied, 385 U.S. 993, 87 S.Ct. 606, 17 L.Ed.2d 453 (1966).

Conviction affirmed.