**UNITED STATES of America**

v.

**Edward LEONELLI, Defendant.**

**No. 76 Cr. 1027.**

United States District Court,
S. D. New York.

Feb. 28, 1977.

Robert B. Fiske, Jr., U.S. Atty., Lawrence Iason, Asst. U.S. Atty., New York City, of counsel, for the government.

John J. Martirano, McGoey & Martirano, New Rochelle, N. Y., for defendant.

## MEMORANDUM AND ORDER

IRVING BEN COOPER, District Judge.

Defendant Leonelli moves for an order granting the following relief: 1) a bill of particulars, pursuant to Rule 7(f), Fed.R. Crim.P.; 2) discovery and inspection of grand jury minutes, pursuant to Rule 6(e), Fed.R.Crim.P.; 3) an extension of 20 days after determination of the within motion to move to dismiss the indictment, pursuant to Rule 45(b), Fed.R.Crim.P.; 4) discovery and inspection of certain books and records, pursuant to Rule 16, Fed.R.Crim.P. For the reasons stated below, these motions in the main are denied except to the extent indicated.

### I

Defendant requests an extensive bill of particulars, including *inter alia,* a) the specific location, date and time of each act alleged in the indictment; b) any "similar act" proof; c) names and addresses of persons from whom the Government claims defendant received money or other things of value, and whether such persons were then in the employ of the United States Government, or acting under its instructions; d) the manner in which payments occurred; e) names and addresses of persons present at such payments.

 The purpose of a bill of particulars is to apprise defendant of the essential facts of a crime. See generally, *United States v. Salazar,* 485 F.2d 1272, 1273 (2d Cir. 1973), *cert. denied,* 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1974); *United States v. Lebron,* 222 F.2d 531, 535–36 (2d Cir.), *cert. denied,* 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); *United States v. Crisona,* 271 F.Supp. 150 (S.D.N.Y.1967). A bill of particulars should only be required where the charges of an indictment are so general that they do not advise defendant of the specific acts of which he is accused. See *United States v. Rosenwasser Brothers,* 255 F.2d 233 (E.D.N.Y.1919). We cannot fault this indictment on that score.

 The five-count indictment here sufficiently apprises defendant of the acts he is alleged to have committed; it charges that defendant, while employed as a Federal Meat Inspector by the U. S. Department of Agriculture, accepted money and other things of value from companies that he was inspecting, in violation of Title 21, U.S.C. § 622. The period of time involved, the approximate amount of money involved, and the company alleged to have given the money are all spelled out in sufficient detail. To require the Government to disclose more would be to order the revelation of its evidence prior to trial.

 It is well settled that a bill of particulars is not an investigative tool for the defendant; it is not to be used "as a vehicle for wholesale examination of the Government's files." *United States v. Mitchell,* 73 Cr. 439 (S.D.N.Y. August 3, 1973); see *United States v. Salazar, supra.* Essentially, defendant's request for the names, dates and places for the entire case strikes us as an attempt to discover the minutia of the Government's case. This is plainly unfair and will not be countenanced. Under similar circumstances, courts have denied such requests. See *United States v. Simon,* 30 F.R.D. 53 (S.D.N.Y.1962).

 We state emphatically that the law does not impose upon the Government an obligation to preview its case or expose its legal theory. See *United States v. Bozza,* 234 F.Supp. 15, 16 (E.D.N.Y.1965); *United States v. Kahaner,* 203 F.Supp. 78, aff'd, 317 F.2d 459 (2d Cir.), *cert. denied,* 375 U.S. 836, 84 S.Ct. 73, 11 L.Ed.2d 65 (1963); *United States v. Kelley,* 254 F.Supp. 9 (S.D.N.Y. 1962); *United States v. Fruehauf,* 196 F.Supp. 198, 199 (S.D.N.Y.1961). Nor is the Government "required to disclose . . . the manner in which it will attempt to prove the charges". *United States v. Brevard,* 27 F.R.D. 250 (S.D.N.Y.1961); *United States v. McCarthy,* 292 F.Supp. 937, 940 (S.D.N.Y.1968). Further, the Government has no duty to disclose the precise manner in which the crimes alleged in the indictment were committed. See *United States v. Andrews,* 381 F.2d 377 (2d Cir. 1967); *United States v. Cimino,* 31 F.R.D. 277 (S.D. N.Y.1962).

It is beyond cavil that a bill of particulars confines the Government's proof to the particulars supplied. *United States v. Glaze,* 313 F.2d 757, 759 (2d Cir. 1963); *United States v. Murray,* 297 F.2d 812, 819 (2d Cir.), *cert. denied,* 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962). Accordingly, this Court will not approve defendant's sweeping request for a bill of particulars (tantamount to a fishing expedition), where such would unnecessarily restrict the Government in presenting its proof at trial. See *United States v. Bozza, supra.*

With respect to defendant's request to discover the names and addresses of persons from whom the Government claims the defendant received money or other things of value, the Government has sufficiently consented to this request by supplying the names set forth in its responding papers. See Government Memo. of Law, p. 8. Further, the Government has supplied defendant with the places where these transactions allegedly occurred. Gov't. Response to Defendant Memo. in Response to Gov't. Reply, pp. 1–2.

With respect to defendant's request to discover any "similar act" evidence, the Government has consented to the request. See Gov't. Response to Defendant Response, pp. 2–3. The Government has also stated that at the time the payments to defendant were allegedly made none of the payees were employed by or in any way acting for the Government. See Gov't. Response to Defendant Response, p. 3. Accordingly, defendant's motion for a bill of particulars is denied except to the extent we have noted.

## II

It is well settled law that the secrecy of the grand jury will not be compromised by an order to disclose grand jury minutes without a showing of "particularized need." See *Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *United States v. Percevault,* 490 F.2d 126 (2d Cir. 1974); *United States v. Ruggiero,* 472 F.2d 599, 605 (2d Cir.), *cert. denied,* 412 U.S. 939, 93 S.Ct. 2772, 37 L.Ed.2d 398 (1973). The nature of the compelling need to justify pre-trial disclosure of grand jury minutes has been properly stated as "a gross and prejudicial irregularity influencing the grand jury". *United States v. Dioguardi,* 332 F.Supp. 7, 20 (S.D.N.Y. 1971). No such degree of need has been demonstrated here. Counsel states:

> After a preliminary investigation of this case, I have reason to believe that the evidence presented to the grand jury was a complete fabrication . . . the grand jury was misled and provided with lies or hearsay evidence . . . such defects can only be determined after an investigation of the grand jury minutes." Martirano affidavit, sworn to November 29, 1976, paragraphs 10, 12 and 13.

The position thus advanced is hollow—totally without substance. These unsupported generalities fall far short of establishing that "without the transcript a defense would be greatly prejudiced or that without reference to it an injustice would be done." *United States v. Proctor and Gamble,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1957); *Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir. 1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963). Accordingly, the motion for inspection of the grand jury minutes is denied in its entirety.

## III

Defendant requests a 20 day extension of time within which to move to dismiss this indictment. This request is denied; defendant offers no satisfactory justification therefor. In denying this request, we note that defendant has had sufficient time to move to dismiss the indictment. To the extent that this motion is predicated upon pre-trial inspection of the grand jury minutes, it is clearly mooted in light of our rejection of defendant's request to inspect same.

## IV

Defendant requests discovery and inspection of certain books, papers and objects seized from others. The Government opposes this motion "except to the extent, if any, that the Government intends to offer

any of these documents in its case in chief at trial or to the extent that the documents are material to the preparation of the defense. . . . " Gov't. Memo. of Law, p. 11. In denying this request except to the extent consented to by the Government (see Gov't. Response to Defendant Response, p. 5), we remind the Government of its affirmative obligation under Rule 16(a), Federal Rules Criminal Procedure; it mandates disclosure of documents, statements, reports of scientific and medical examinations and other objects in the possession of the Government consistent with the requirement of materiality. See *United States v. Morrison*, 43 F.R.D. 516, 519 (N.D.Ill.1967). We confidently rely on the Government to fully comply with the letter and spirit of this rule.

## V

For the foregoing reasons, defendant's motions are disposed of as follows: 1) denied, except to the extent consented to by the Government; 2) denied; 3) denied; 4) denied, except to the extent consented to by the Government.

SO ORDERED.