UNITED STATES of America, Plaintiff,

v.

James McGRATH et al., Defendants.

78 Cr. 315 (HFW).

United States District Court, S. D. New York.

Sept. 11, 1978.

See also D.C., 459 F.Supp. 1273.

Robert B. Fiske, Jr., U. S. Atty., for the S. D. of New York, New York City, by Kenneth V. Handal, Asst. U. S. Atty., New York City, of counsel, for United States of America.

Mark Lemle Amsterdam, New York City, for defendant Scigowski.

## MEMORANDUM DECISION

WERKER, District Judge.

Defendant Sylvester Scigowski moves pursuant to Fed.R.Crim.P. 6(e) for an order requiring the government to disclose and turn over the grand jury minutes of this action and pursuant to Fed.R.Crim.P. 12 to dismiss the indictment on grounds that it was obtained through an abuse of the grand jury in violation of his fifth amendment rights.

Although grand jury proceedings are secret, an order to disclose grand jury minutes may issue when a party demonstrates "a 'particularized need' that outweighs the need for secrecy." *United States v. Moten,* 582 F.2d 654 (2d Cir., 1978), at 662, citing *Dennis v. United States,* 384 U. S. 855, 868, 86 S.Ct. 1840, 1848, 16 L.Ed.2d 973 (1966); *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959); *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 683, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). In the present case there has been no such sufficient "particularized showing." Defendant, through an affidavit of counsel, asserts that there "may have been" an abuse of the grand jury and alleges based upon "a review of the discovery materials so far provided by the government, discussions among counsel, and other factors, that there is so much and such substantial exculpatory material that the prosecutor must have withheld same in order for the grand jury to indict Mr. Scigowski." Amsterdam affid. at 1. The affidavit continues to recount two examples from taped conversations. In the first, an apparent informer asks a co-defendant if the latter has seen Sal. The co-defendant responds "Sal who?" In the second, the apparent informer suggests that Scigowski may be the informer and the co-defendant answers "that's not enough." Amsterdam affid. at 2. From the above defendant concludes that (a) "exculpatory material, of a significant nature, exists and is in the possession of the government;" (b) "[i]t strains the imagination to believe that the grand jury returned a conspiracy indictment against Mr. Scigowski in light of the existence of such obviously exculpatory evidence, especially when added to the lack of trustworthiness inherent in the testimony of the putative informant, Gregory Felle," and (c) "[t]he only conclusion which can be reached is that the prosecution did not present the grand jury with a fair portrayal of both the informant's lack of credibility and the exculpatory materials regarding Mr. Scigowski." Hence it is argued that the grand jury was misled and defendant's allegations will be substantiated by the grand jury minutes.

Defendant's "showing . . . must include more than unsubstantiated, speculative assertions of improprieties in the proceedings." *United States v. Rubin*, 559 F.2d 975, 988 (5th Cir. 1977), *petition for cert. filed*, —— U.S. ——, 99 S.Ct. 67, 58 L.Ed.2d 102 (1977). "[U]nsupported generalities" will not suffice. *United States v. Leonelli*, 428 F.Supp. 880, 883 (S.D.N.Y. 1977). In the present instance these are all that are set forth, utterly unenhanced by the two portions of conversations alleged by defendant to be exculpatory in nature. For this reason I find that defendant has not met his burden of showing a "particularized need" and the motion is denied in all respects.

SO ORDERED.

See also D.C., 459 F.Supp. 1258.

