**UNITED STATES of America, Plaintiff,**

v.

**Paul MANNINO, Michael Ardizzone, Robert Frank Romeo, and Joseph Cordano, Defendants.**

**No. 79 Cr. 744 (RWS).**

United States District Court, S. D. New York.

Nov. 21, 1979.

**1184**

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City by Walter S. Mack, Jr., Asst. U. S. Atty., New York City, for plaintiff.

Gerald L. Shargel, New York City, for defendant Mannino.

Dawson, Kimelman & Clayman, New York City, for defendant Ardizzone by Steven Kimelman, New York City, of counsel.

Fred C. Stella, Brooklyn, N. Y., for defendant Romeo.

Peter M. Antioco, Brooklyn, N. Y., for defendant Cordano.

## OPINION AND ORDER

SWEET, District Judge.

The Government has charged defendants Paul Mannino, Michael Ardizzone, Robert

Frank Romeo and Joseph Cordano with conspiracy to distribute controlled substances and distribution of controlled substances. In addition, the indictment charges defendants Mannino, Ardizzone and Cordano with certain firearms offenses. This is a decision and order on defendants' motions for a bill of particulars and for discovery, and on the Government's motions for a protective order deferring discovery and for a continuance of trial.

*Bill of Particulars*

■ Defendants Mannino, Ardizzone and Cordano have moved for a bill of particulars pursuant to Rule 7, Fed.R.Crim.P. A bill of particulars is designed first to assure that a defendant is sufficiently apprised of the charges against him to allow him to prepare a defense and, second, to enable the defendant to assert a defense of double jeopardy if subsequent charges are filed against him based on the same actions. *Wong Tai v. United States*, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1929); *United States v. Lebron*, 222 F.2d 531 (2d Cir.), *cert. denied*, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); *United States v. Mavrogiorgis*, 49 F.R.D. 214 (S.D.N.Y.1969).

■■ A bill of particulars should not be used to conduct discovery of the Government's theory of a case, to force detailed disclosure of acts underlying a charge, or to restrict the Government's proof at trial. *United States v. Salazar*, 485 F.2d 1272, 1273 (2d Cir. 1973), *cert. denied*, 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1974); *United States v. Leonelli*, 428 F.Supp. 880 (S.D.N.Y.1977); *United States v. McCarthy*, 292 F.Supp. 937 (S.D.N.Y.1968). A decision to grant or deny a request for particulars rests in the sound discretion of the trial court. *United States v. Tramunti*, 513 F.2d 1087, 1113–14 (2d Cir.), *cert. denied*, 423 U.S. 332, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975).

■ Based on these general principles, the following disposition is appropriate:

*Count I.* Request (a), for the names of all co-conspirators, is granted to the extent these persons are known to the Government only. *United States v. Chovanec*, 467 F.Supp. 41, 46 (S.D.N.Y.1979); *United States v. King*, 49 F.R.D. 51, 53 (S.D.N.Y. 1970). Request (b), calling for the name of the undercover agent named in Overt Act One, and Request (c), for the names of other persons present during Overt Act Four, are denied. These requests essentially call for the names of Government witnesses. *United States v. Chovanec, supra* at 46; *United States v. Dioguardi*, 332 F.Supp. 7, 19 (S.D.N.Y.1971). *See also United States v. Roya*, 574 F.2d 386, 392 (7th Cir. 1978).

*Counts II, III and IV.* The request for the locations of the acts set forth in these counts is granted only to the extent that such acts were performed by principals. *United States v. Honneus*, 508 F.2d 566, 570 (1st Cir. 1974). The Government need not specify which defendants are charged as principals and which are charged as aiders and abettors, since this would reveal the Government's theory underlying those counts of the indictment. *United States v. Leonelli*, 428 F.Supp. 880, 882 (S.D.N.Y. 1977). Similarly, the Government need not disclose all acts committed by claimed aiders and abettors, by analogy to the rule shielding the Government from disclosure of all overt acts involved in a conspiracy. *United States v. Lam Lek Chong*, 544 F.2d 58, 63 (2d Cir. 1976), *cert. denied*, 429 U.S. 1101, 97 S.Ct. 1124, 51 L.Ed.2d 550 (1977); *United States v. Cohen*, 518 F.2d 727 (2d Cir.), *cert. denied*, 423 U.S. 926, 96 S.Ct. 270, 46 L.Ed.2d 252 (1975). Moreover, the disclosure of the locations of actions taken by alleged aiders and abettors is not relevant to the venue of this action, since aiders and abettors can be tried in the district where the principal committed the crime. *United States v. Chestnut*, 399 F.Supp. 1292, 1297 (S.D.N.Y.1975), *aff'd*, 533 F.2d 40 (2d Cir.), *cert. denied*, 429 U.S. 829, 97 S.Ct. 88, 50 L.Ed.2d 93 (1976); *United States v. Sweig*, 316 F.Supp. 1148 (S.D.N.Y.1970).

*Count V.* The request for the location of the act charged in Count Five is granted.

*Count VI.* Request (a) is granted only to the extent it concerns the place where the

principal offense charged occurred. Request (b), calling for the actions actually taken by the respective defendants, and request (c), calling for disclosure of the manner in which the offense was carried out, are denied. These requests probe too deeply into the Government's theory and method of proof. *United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974); *United States v. Andrews*, 381 F.2d 377 (2d Cir. 1967), *cert. denied*, 390 U.S. 960, 88 S.Ct. 1058, 19 L.Ed.2d 1156 (1968). Moreover, disclosure of these facts is not necessary to inform defendants Ardizzone and Mannino of the nature of the charges against them.

*Count VII.* Request (a) is granted and request (b) is denied for the reasons set forth in discussing the requests concerning Count Six.

*Count VIII.* The request for the location of actions taken by principals only, in carrying out the alleged offense, is granted.

*Discovery Motions and Motion for a Continuance*

Defendants Mannino, Ardizzone and Cordano have made extensive discovery requests, to which the Government has consented only in part. With one exception, the Government states that it is willing to supply all material required by Rule 16, Fed.R.Crim.P., 18 U.S.C. § 3500 and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Counsel for the defendants concede that their requests go beyond the bounds of disclosure required by statute or by the Constitution. In the absence of a showing of specific need, defense counsel have not currently moved to compel disclosure of requested materials beyond what the Government has already granted. Accordingly, except for Request 12, discussed

below, the court makes no ruling on these requests.

Defendants Ardizzone and Cordano have moved, pursuant to Rule 16(a)(1)(A), Fed.R.Crim.P., for disclosure of the items specified in Mannino's Request 12.[1] This request calls for discovery of all recorded conversations of these defendants, other defendants, or co-conspirators, whether or not authorized or lawful. It also demands any documents, logs or transcripts relating to such conversations, including the facts and circumstances surrounding the obtaining of authorization to record any such conversations. The Government has represented that to date no non-consensual conversations have been recorded of any of the defendants and that it will make available copies and transcripts of any consensual conversations of each of the defendants in accordance with Rule 16. However, the Government opposes the defendants' motion insofar as it requests conversations of individuals other than the defendants, documentary material other than the conversations themselves, and conversations of defendants regardless of whether they are relevant to the instant indictment.

Rule 16(a)(1)(A) states in relevant part:

Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government . . .

1. Request 12 reads as follows:

Any documents reflecting or relating to any wire communications or oral communications intercepted by the government to which defendant was a party or during which defendant was present, or which were obtained by interceptions directed against the defendant, co-defendant, or co-conspirator or to which any witness the prosecution intends to call at trial was a party, whether or not such interceptions were authorized or lawful. . . This request includes one-party "consent"

aural acquisitions and tapes of the intercepted communications, a list of all communications to which defendant has been identified as a party, all applications to the Court and orders of the Court with respect thereto, all inventory orders, inventories and reports of service thereof and competent evidence of all the facts and circumstances concerning the authorization for the applications to intercept any wire communications involved in this case.

This rule has been broadly interpreted in this Circuit to mandate disclosure of statements by defendants even though non-consensual and even though made prior to arrest. *See United States v. Crisona*, 416 F.2d 107, 114–15 (2d Cir. 1969), *cert. denied*, 397 U.S. 961, 90 S.Ct. 991, 25 L.Ed.2d 253 (1970). However, there is no basis in Rule 16 or in the reported decisions for disclosure of statements other than those made by the defendant or of documentary materials concerning the circumstances of any non-consensual recording. *United States v. Percevault*, 490 F.2d 126, 129–132 (2d Cir. 1974). Accordingly, the defendants' motion is denied insofar as it relates to materials other than the conversations of the defendants themselves.

■■■ However, Rule 16 does require disclosure of any statements of the defendants, recorded or written, which become known to the attorney for the Government and which are relevant to the charges made in this indictment. *United States v. Crisona, supra. See also United States v. Johnson*, 525 F.2d 999 (2d Cir. 1975), *cert. denied sub nom. Johnson v. United States*, 424 U.S. 920, 96 S.Ct. 1127, 47 L.Ed.2d 327 (1976). This obligation applies to statements obtained in the course of a continuing investigation as well as to statements currently in the Government's possession. The defendants' motion is granted to this extent only.

■■■ The only remaining discovery motion before the court relates to the timing of disclosure of certain materials. In particular, the defendants have moved, under Rule 16(a)(1)(C), Fed.R.Crim.P., for immediate discovery of a telephone number listing device, monthly date notebooks for 1975, 1976 and 1977 and certain miscellaneous papers, all of which were seized from defendant Mannino. The Government has moved, pursuant to Rule 16(d)(1), Fed.R. Crim.P., for a protective order to defer disclosure of these materials. The Government has also moved for a continuance of the trial, pursuant to 18 U.S.C. § 3161(h)(8)(B).

The items seized by the Government are discoverable by each of the defendants under Rule 16(a)(1)(C). As to Mannino, these items constitute documents which "were obtained from or belong to the defendant," within the clear language of Rule 16. The items must also be disclosed to the other defendants, since it appears that they will be material to the preparation of their respective defenses. *United States v. Goldman*, 439 F.Supp. 337, 351 (S.D.N.Y.1977); *United States v. Copen*, 378 F.Supp. 99, 103 (S.D.N.Y.1974).

However, the Government contends that release of copies of these seized materials would impede an ongoing investigation of criminal activity, and therefore moves for a protective order staying discovery of these items. The Government further urges that this is an appropriate case for this court to grant a continuance of the trial, under 18 U.S.C. § 3161(h)(8)(A) (1979), pending completion of the current investigation.

■■■ Following a hearing on November 15, 1979, the court granted the Government's request to make an *ex parte* submission in support of its motion for a protective order, in accordance with Rule 16(d)(1), and in support of its motion for a continuance, pursuant to Rule 6(e) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the Southern District of New York and Section III(C)(3) of the Second Circuit Guidelines under the Speedy Trial Act.

A review of the Government's submission indicates that delay of discovery and of the trial is appropriate in this case. Section 3161(h)(8)(A) of the Speedy Trial Act provides for exclusion from speedy trial time limits of "[a]ny period of delay resulting from a continuance granted . . . at the request of the attorney for the Government, if the judge grant[s] such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Section 3161(h)(8)(B), as amended in 1979, sets forth four specific factors which a court may consider in

granting a continuance of trial. None of these considerations is specifically applicable to this case.[2] However, these four considerations are not exclusive, but rather "factors, among others," which are relevant to assessing the propriety of a continuance. 18 U.S.C. § 3161(h)(8)(B). The Second Circuit's Speedy Trial Guidelines make clear that, excepting the three grounds on which a court may not rely, 18 U.S.C. § 3161(h)(8)(C), none of which is involved here, "[a]ny other circumstances or combination of circumstances may provide a basis for a continuance." Guideline III(A)(1) at p. 33. *See United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 376 (2d Cir. 1979); *United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978).

■ Under the circumstances of this case, as elucidated by the Government's *ex parte* submission, a continuance is required. The Government is engaged in an ongoing investigation based in substantial part on materials seized from the defendants. To force the Government to proceed to trial, which would mandate disclosure of these materials, would impede this ongoing inquiry, and it is alleged might thwart it altogether. The Government would be free, of course, to dismiss the current indictment and to reindict at the completion of the investigation in order to avoid disclosure. However, this would require the discharge of bail and the consequent loss of supervision of the defendants pending reindictment. In view of the severity of the charges contained in the current indictment, the best interests of the public do not require the Government to choose between these two unpalatable alternatives. Although the public ordinarily has a strong interest in prompt disposition of criminal charges, in this case the public has an even stronger stake in assuring that a comprehensive inquiry into serious criminal activity is completed and at the same time, regardless of the outcome of that investigation, in insuring the presence of the defendants upon a trial of present charges now under indictment returned by a grand jury. The defendants also have an important interest in obtaining a speedy trial. However, there has been no showing that a modest continuance will result in prejudice to any of the defendants. Therefore, the court finds that "the ends of justice served by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A), and that the Government has also made a sufficient showing to warrant entry of a protective order delaying production of the material seized from the defendants. Rule 16(d)(1). Accordingly, the motion for a continuance and for delay of discovery of the items seized from the defendants is granted as set forth below. However, the deferral of discovery for the documents seized does not delay the Government's obligation to file a bill of particulars and to continue to meet all other discovery requirements, including those specified in this opinion.

The Government has requested a continuance of ninety days from the presently scheduled trial date of December 10, a continuance which is found to be excessive. No time has been excluded on the basis of motions, and the current expiration of the speedy trial date is December 28. In view of the considerations set forth herein and in the Government's *ex parte* submission, the following schedule will obtain: the Government is ordered to file a bill of particulars which comports with this opinion on or before November 26, 1979. Discovery of defendants' statements will continue as set forth above. The Government is ordered to turn over copies of the items seized from defendant Mannino to each of the defendants on or before January 21, 1979. The defendants shall make substantive motions returnable on February 1, 1979. The trial will commence on February 11, 1979.

**2.** Section 3161(h)(8)(B)(iv) states that a relevant factor to be considered is:

Whether the failure to grant such a continuance . . . would deny . . . the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Neither the statute nor the legislative history states whether "effective preparation" includes the completion of an ongoing investigation.

The time necessary to effectuate this schedule is hereby ordered excluded under 18 U.S.C. § 3161(h)(8)(A). The *ex parte* submission is ordered sealed and preserved in accordance with Rule 16(d)(1), Fed.R. Crim.P.

IT IS SO ORDERED.