**UNITED STATES of America,**

v.

**Martin SCHWIMMER, Defendant.**

**No. 86 CR 528.**

United States District Court,
E.D. New York.

Nov. 30, 1986.

Bruce Maffeo, Sp. Atty., Organized Crime Strike Force, E.D.N.Y., Brooklyn, N.Y., for plaintiff.

Kostelanetz & Ritholz (Robert S. Fink, Kathryn Keneally, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant is charged in a one-count indictment. It alleges a violation of 18 U.S.C. § 1503,[1] which provides, in relevant part, that "[w]hoever corruptly ... influences, obstructs or impedes, or endeavors to influence, obstruct or impede, the due administration of justice [commits a crime]." Specifically, defendant is alleged to have corruptly endeavored to influence, obstruct and impede the due administration of justice by causing the creation of a false and fabricated document and its submis-

---

1. Defendant is also charged under 18 U.S.C. § 2, which provides:

    (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

    (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal.

sion to a Special Grand Jury. Defendant has made motions seeking dismissal of the indictment, striking of surplusage, disclosure of certain information, and an audibility hearing.

### Facts

The indictment alleges that on November 21, 1983, a Special Grand Jury was empanelled in this District to inquire into possible violations of the federal anti-racketeering statute and other laws. The targets of the investigation were members and associates of the Lucchese crime family. The grand jury was interested in, among other things, certain transactions involving municipal bonds issued by Sullivan County, New York. It sought information concerning the cash purchase by certain individuals of $250,000 worth of those bonds, the subsequent exchange of certain coupons from the bonds for $15,000 in cash, and the subsequent sale of the bonds for $250,000 in cash.

Defendant Schwimmer is alleged to have been a participant in the bond transactions, and he is alleged to have endeavored to obstruct justice by causing the creation and submission to the grand jury of a false and fabricated document relating to the bonds.

### Discussion

**A. _Motion to Dismiss the Indictment_**

**1. _Failure to Identify the Allegedly False Document_**

■ The first ground upon which defendant seeks dismissal is the failure to identify in the indictment the allegedly falsified document that defendant is accused of having caused to be submitted to the grand jury. Defendant argues that this case may be analogized to a perjury prosecution, and cites several cases, _see, e.g., United States v. Tonnelli,_ 577 F.2d 194, 200 (3d Cir.1978), that stand for the proposition that a perjury indictment must set out specifically the allegedly perjurious statement.

This is not, however, a perjury case. Defendant is charged with obstruction of jus-

tice, and the indictment specifies the way in which he is alleged to have obstructed justice: by causing the submission of a false document to the grand jury. _See United States v. Friedland,_ 660 F.2d 919, 930 (3d Cir.1981) (fact that § 1503 obstruction violation consists of attempt to induce rendering of false testimony does not transform it into a "false statements" case, and specificity requirements for such indictments therefore do not apply), _cert. denied,_ 456 U.S. 989, 102 S.Ct. 2268, 73 L.Ed.2d 1283 (1982).

An indictment under section 1503 is sufficient if it "furnishes sufficient information as to the time, place and essential elements of the crime to enable the defendants to prepare for trial and avoid a claim of double jeopardy. _United States v. Salazar,_ 485 F.2d 1272, 1277 (2d Cir.1973) [_cert. denied,_ 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1974)]." _United States v. Weiss,_ 491 F.2d 460, 466 (2d Cir.), _cert. denied,_ 419 U.S. 833, 95 S.Ct. 58, 42 L.Ed.2d 59 (1974).

Here the indictment reveals the approximate time and place of the alleged obstruction, describes the type of obstruction (causing the creation and submission of a false document), names the body before which the due administration of justice was allegedly impeded, specifies the nature of its inquiry, and sets out in detail the particular subject matter to which the alleged false document related.

The Second Circuit has "consistently sustained indictments which track the language of the statute and, in addition, do little more than state time and place in approximate terms." _Salazar, supra,_ 485 F.2d at 1277. As noted above, the instant indictment does more than that. "[I]t is not necessary that the indictment itself go into evidentiary matters." _United States v. Bernstein,_ 533 F.2d 775, 786 (2d Cir.), _cert. denied,_ 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976); _see United States v. Shoup,_ 608 F.2d 950, 960 (3d Cir.1979) (indictment sufficient where it charged obstruction of justice, cited to § 1503, and alleged that defendant impeded investiga-

tion conducted by United States Attorney); *United States v. Alo,* 439 F.2d 751, 756 (2d Cir.) (indictment charging obstruction of justice by giving "false and evasive answers" sufficient even though not specifying the false and evasive answers), *cert. denied,* 404 U.S. 850, 92 S.Ct. 86, 30 L.Ed.2d 282 (1971).[2]

Accordingly, the motion to dismiss for failure to identify the document in the indictment[3] is denied.

### 2. *Failure to Allege that Defendant Knew that a Grand Jury Proceeding was Pending*

Defendant next argues that the indictment should be dismissed because it fails to allege that he knew of the pendency of the allegedly obstructed grand jury proceeding. The government does not dispute that such knowledge must be proven at trial, but contends that it need not be specifically alleged in the indictment. I agree.

■ There are three elements to the crime of obstruction of justice: 1) endeavoring; 2) corruptly; 3) to influence an officer of the court or the due administration of justice. *United States v. Fasolino,* 586 F.2d 939, 940 (2d Cir.1978). Each is clearly alleged in the instant indictment. As part of its proof of a corrupt endeavor to influence the due administration of justice, the government must demonstrate that there was a pending judicial proceeding of which the defendant was aware, *see United States v. Capo,* 791 F.2d 1054, 1070 (2d Cir.1986), but there is no requirement that this component of the required mental state be spelled out in the indictment, *see generally United States v. Santoro,* No. 85 CR 100(S) (JMM), slip op. at 7 (E.D.N.Y. June 18, 1986) (an indictment is not a jury charge and need not define every legal term contained therein).

■ "[T]he word 'corruptly' as used in [section 1503] means that the act must be done with the purpose of obstructing justice." *United States v. Rasheed,* 663 F.2d 843, 852 (9th Cir.1981), *cert. denied,* 454 U.S. 1157, 102 S.Ct. 1031, 71 L.Ed.2d 315 (1982). Thus, the allegation that defendant took certain actions "corruptly" encompasses knowledge of a judicial proceeding and intent to impede it. Accordingly, the indictment sufficiently alleges the elements that must be proven at trial, and the motion to dismiss is therefore denied.

### B. *Motion to Strike Surplusage*

■ Defendant moves to strike from the indictment, Fed.R.Crim.P. 7(d),[4] certain references to the nature of the grand jury's investigation. Specifically, he objects to references to the grand jury's inquiry into racketeering and other crimes committed

---

**2.** Defendant relies on *United States v. Murphy,* 762 F.2d 1151 (1st Cir.1985). In that case the defendants were charged under 18 U.S.C. § 1512(a)(1) with threatening a witness in an official proceeding. The indictment did not identify the proceeding at issue, and was thus dismissed because "it did not 'sufficiently apprise[] the defendant[s] of what [they] must be prepared to meet.'" *Id.* at 1154 (quoting *Russell v. United States,* 369 U.S. 749, 763, 82 S.Ct. 1038, 1046, 8 L.Ed.2d 240 (1962)). Here the proceeding, the subject, and the mode of obstruction are amply detailed, and the indictment thus provides enough information "to alert the accused to the conduct specifically in issue." *United States v. Goldberg,* 587 F.Supp. 302, 310 (S.D.N.Y.1984), *vacated on other grounds,* 756 F.2d 949 (2d Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 2706, 86 L.Ed.2d 721 (1985). Similarly, *United States v. Abrams,* 539 F.Supp. 378 (S.D.N.Y. 1982), does little to aid defendant. The indictment there provided virtually "no ... factual

specifics." *Id.* at 385. Unlike the indictment in this case, it failed to "detail any of the alleged acts of ... misrepresentation, or identify with any precision the criminal investigat[ion] involved." *Id.* The instant indictment is far more informative, and therefore withstands the motion to dismiss. *See United States v. Weiss,* 491 F.2d 460, 466 (2d Cir.) (§ 1503 indictment alleging corrupt endeavor to obstruct justice by failing to produce documents subpoenaed by grand jury inquiring into specified fraud scheme not insufficient for failing to allege corrupt conduct in more detail), *cert. denied,* 419 U.S. 833, 95 S.Ct. 58, 42 L.Ed.2d 59 (1974).

**3.** I note that the government has, as part of the discovery process, turned over and identified the allegedly false document at issue.

**4.** Fed.R.Crim.P. 7(d) provides: "The court on motion of the defendant may strike surplusage from the indictment or information."

by members and associates of the Lucchese crime family. The government responds, and I agree, that this language is necessary to describe the proceeding that the defendant is alleged to have endeavored to obstruct.

"A motion [to strike] will be granted only where it is clear that the allegation complained of is not relevant to the charge contained in the indictment and is inflammatory and prejudicial." *United States v. Klein,* 124 F.Supp. 476, 479–80 (S.D.N.Y. 1954) (citation omitted), *aff'd,* 247 F.2d 908 (2d Cir.1957), *cert. denied,* 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (1958). In this case, although it is obvious why the defendant wishes to have the challenged portions of the indictment removed, they are undoubtedly relevant to the charge. The burden is on the government to prove that the defendant knew of the grand jury investigation and deliberately obstructed it. This cannot be accomplished without describing the allegedly obstructed investigation.

Indeed, the Second Circuit has recently held that in a prosecution under 18 U.S.C. § 1503 for testifying falsely before and concealing evidence from a grand jury, background paragraphs describing the alleged loansharking, murder, extortion and narcotics distribution activities of a crime organization were "needed to inform the jury of the scope and nature of the grand jury's investigation." *United States v. Langella,* 776 F.2d 1078, 1081 (2d Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986). Similarly, the information at issue in the indictment here is necessary for the jury to comprehend the nature of the investigation and the role, if any, of the defendant in obstructing it. Moreover, the allegations appear to be particularly relevant here, as the government anticipates that the proof at trial will demonstrate that the defendant's fear of being linked to the organized crime figures who were the targets of the grand jury inquiry

was a motive for his alleged endeavor to obstruct.

Accordingly, the motion to strike is denied. In order to protect the defendant as much as possible, however, he is encouraged to submit to the Court suggested language for jury instructions that will explain that this material is included in the indictment only for background purposes and that the jury should not allow the existence of the investigation or the nature of the crimes being investigated to prejudice them against the defendant or to in any way affect their deliberations on the crime charged in this indictment.

### C. *Disclosure*

#### 1. Brady *Material*

■ Defendant seeks all material the government is obliged to provide under *United States v. Brady,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny, *see United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). *Brady* mandates disclosure to the defense of all material evidence in the government's possession which is exculpatory or otherwise favorable to the defense. *See United States v. LeRoy,* 687 F.2d 610, 618 (2d Cir.1982), *cert. denied,* 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983).

■ The government has represented that it is unaware of any such material that it has not already turned over,[5] and that assurance is all that is required at this stage of the proceedings. *See United States v. Evanchik,* 413 F.2d 950, 953 (2d Cir.1969). Material that must, pursuant to the Jencks Act, 18 U.S.C. § 3500, be turned over to the defense after a witness' direct testimony need not be disclosed prior to that time, *see United States v. Sebastian,* 497 F.2d 1267, 1269–70 (2d Cir.1974), so defendant's requests for the grand jury testimony of witnesses and information

---

**5.** If the government is unsure whether evidence constitutes *Brady* material, it is encouraged to

seek the Court's guidance.

pertaining to any witness' participation in a government investigation are denied.

### 2. *Discovery*

■ The government has provided a great deal of discovery material. Defendant seeks a variety of additional information, including statements of his attorneys, press releases, identification of equipment and personnel used to make tapes, and section 3500 material. These demands, unsupported by anything other than the assertion that disclosure would be of great importance in defendant's trial preparation, are outside the scope of Fed.R.Crim.P. 16, which describes the government's discovery obligations. Some requests merit brief comment.

■ Defendant seeks a list of the government's trial witnesses. In determining whether such disclosure should be ordered, the court must balance the government's reasons for wanting to keep the information to itself against the defendant's specific showing of need for the list. *United States v. Cannone*, 528 F.2d 296, 301–02 (2d Cir.1975). Here the government argues that divulging the identity of its witnesses increases the likelihood of subornation of perjury, obstruction of justice, and witness intimidation. Especially in light of the fact that the instant indictment alleges an endeavor to obstruct a grand jury proceeding, the government's fear is not without basis. Accordingly, and in the absence of any showing of particularized need by defendant, the request is denied. *See id.; United States v. Pastor*, 419 F.Supp. 1318, 1330 (S.D.N.Y.1975) (defense showing must be something more than "the obvious assertion that [the witness] list would facilitate preparation for trial").

Another request is for advance disclosure of section 3500 material and information pertaining to other bad acts of the defendant. No such order is warranted as a legal matter or necessary as a practical matter. The Court is confident that the government will meet its disclosure obligations in a manner consistent with profes-

sional courtesy and expeditious trial presentation.

I have carefully reviewed the remainder of defendant's discovery demands. They are denied as beyond the scope of pretrial discovery. *See* Fed.R.Crim.P. 16.

### 3. *Bill of Particulars*

■ Defendant seeks a wide variety of information in a bill of particulars. Fed.R.Crim.P. 7(f). The three purposes of a bill of particulars are: to 1) ensure that the defendant adequately understands the charges so that he can prepare his defense; 2) avoid unfair surprise at trial; and 3) enable the defendant to plead double jeopardy if subsequently prosecuted for the same offense. *United States v. Shoher*, 555 F.Supp. 346, 349 (S.D.N.Y.1983); *see Wong Tai v. United States*, 273 U.S. 77, 82, 47 S.Ct. 300, 302, 71 L.Ed. 545 (1927). A bill of particulars is appropriate where "facts supplemental to those contained in the indictment ... are necessary to apprise the defendant of the charges against him with sufficient precision." *United States v. Persico, supra*, 621 F.Supp. 842, 868 (S.D.N.Y.1985).

■ The government is not required, however, to disclose its evidence, *United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir.1974), or its legal theory, *United States v. Leonelli*, 428 F.Supp. 880, 882 (S.D.N.Y. 1977). Nor may it be forced to describe "the precise manner in which the crime ... is alleged to have been committed." *United States v. Andrews*, 381 F.2d 377, 377–78 (2d Cir.1967), *cert. denied*, 390 U.S. 960, 88 S.Ct. 1058, 19 L.Ed.2d 1156 (1968). The bill of particulars is not a general investigative tool for the defense. *Persico, supra*, 621 F.Supp. at 868.

■ Among the factors considered by courts in determining whether particulars are warranted are the complexity of the offense, the clarity of the indictment, and the discovery otherwise available to the defendants. *See Shoher, supra*, 555 F.Supp. at 349. The one-count indictment in this case is straightforward and detailed.

Background as to the grand jury investigation is provided, and the transaction to which the allegedly falsified document relates is specifically described. The means and approximate time of the alleged obstruction are also set forth. In addition, defendant has received discovery materials, including documents, tapes and transcripts, that will enable him to prepare for trial.[6] In light of these facts, the further particularization defendant seeks "would amount to a point by point revelation of each morsel of the government's proof." *United States v. Goldman,* 439 F.Supp. 337, 352 (S.D.N.Y.1977).

■ Thus, in accordance with the foregoing, the requests for particulars are, with one exception, denied. The one respect in which the government will be required to particularize its allegations involves the defendant's role in the submission of the document to the grand jury. The indictment states only that defendant "caused [the document] to be submitted." It is not clear whether the government contends that the defendant himself produced the document for the grand jury or that he caused it to be prepared for submission by or through another. Because this information appears to be necessary to effective trial preparation, the government shall provide requested particular 5(g) within ten (10) days of the date of this Order.[7]

D. *Audibility*

■ The government has provided to the defense a total of twelve tapes it may wish to play at trial. It represents that they are relatively brief. Accordingly, there is no need at this time to grant defendant's request that the government be ordered to list the tapes it will seek to introduce. Any objection to the audibility

or admissibility of any of the twelve tapes shall be made by motion within fourteen (14) days of the date of this Order.

SO ORDERED.

---

6. Information may also be available in the public record in *United States v. Santoro,* 85 CR 100(s) (JMM) (E.D.N.Y.), the trial of which was recently completed. *Santoro* is the main case indicted by the grand jury involved in this case.

7. While acknowledging that the government has provided a list of unindicted co-conspirators,

defendant seeks identification of all alleged accomplices. The distinction is not clear to the Court. If there are in fact individuals in the latter category who have not already been identified, the government shall so inform the Court within ten (10) days of the date of this Order.