UNITED STATES of America

v.

Kevin WHITE.

Crim. No. N–90–40 (WWE).

United States District Court, D. Connecticut.

Nov. 20, 1990.

Michael E. Runowicz, Asst. U.S. Atty., New Haven, Conn., for U.S.

Gary Weinberger, Asst. Federal Public Defender, Office of Federal Public Defender, Hartford, Conn., Timothy Pothin, New Haven, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS

EGINTON, District Judge.

Defendant is charged in a September 5, 1990 three count superseding indictment with conspiracy to possess with intent to distribute cocaine, distribution of cocaine within 1,000 feet of a school, and employment of a minor to distribute cocaine. Defendant has filed a motion for a bill of particulars, alleging that the Government's superseding indictment fails to adequately apprise defendant of information necessary for the preparation of his defense.

## DISCUSSION

The proper scope and function of a bill of particulars is not to obtain the disclosure of evidence or witnesses to be offered by the Government at trial, but to minimize surprise, to enable the movant to obtain such ultimate facts as are needed to prepare his defense, and to permit a defendant to successfully plead double jeopardy if he should be prosecuted later for the same offense. *Wong Tai v. United States*, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927). A bill of particulars should be required only where the charges of the indictment are so general that they do not advise a defendant of the specific acts of which he is accused. *United States v. Leonelli*, 428 F.Supp. 880 (S.D.N.Y.1977). That the requested information would be useful to the defendant is not enough; if a defendant has been given adequate notice of the charges against him, the Government need not be required to disclose additional detail about its case. *United States v. Payden*, 613 F.Supp. 800, 816 (S.D.N.Y.), *aff'd*, 768 F.2d 487 (2d Cir.1985).

A defendant does not need detailed evidence about a conspiracy in order to prepare for trial properly. Details as to how and when the conspiracy was formed, or when each participant joined or abandoned the conspiracy need not be revealed before trial. *United States v. Persico*, 621 F.Supp. 842, 868 (S.D.N.Y.), *aff'd*, 774 F.2d 30 (2d Cir.1985). However, certain items are properly disclosed to a defendant

through a bill of particulars: the names of all persons the Government will claim to have been co-conspirators, to the extent such persons are known to the Government; the location of the acts performed by the principals which are set forth in the counts; and the place where the principal offense charged allegedly occurred. *See e.g., United States v. Mannino*, 480 F.Supp. 1182, 1185 (S.D.N.Y.1979). In *Mannino* the Government was not required to provide the names of Government witnesses; to specify which defendants would be charged as principals and which as aiders and abettors; nor to detail all acts committed by alleged aiders and abettors, as this would reveal the Government's theory underlying those counts. *See United States v. Lam Lek Chong*, 544 F.2d 58, 63 (2d Cir.1976), *cert. denied sub nom., Liganoza v. United States*, 429 U.S. 1101, 97 S.Ct. 1124, 51 L.Ed.2d 550 (1977).

In deciding whether a bill of particulars should be required, a court must determine to what extent the information sought has already been provided. In this case the Government has provided defendant with a superseding indictment, a detailed criminal complaint, and substantial material through the course of discovery. Defendant's motion will be granted to the limited extent that the Government has failed to provide a complete listing of all persons that the Government will claim to have been co-conspirators, as they are known by the Government; the location of the acts performed by the principals as set forth in the counts; and the location where the principal offense occurred. In all other respects the defendant's motion will be denied.

### CONCLUSIONS

Defendant White's motion is GRANTED in part and DENIED in part, as particularized above.

SO ORDERED.