**UNITED STATES of America**

v.

**Danny REYES, Issac Vargas, Porfirio Mejia, Saidn Tineo, Miguel Garcia, and Pedro Sosa Defendants.**

**No. 05 CR 20(LTS).**

United States District Court, S.D. New York.

Nov. 16, 2005.

David Lawrence Jaffee, John Jay O'Donnell, Jr., U.S. Attorneys Office, S.D.N.Y., New York, NY, for U.S.

Julie Clark, Brooklyn, NY, for Defendant, Danny Reyes.

Richard E. Signorelli, Law Office of Richard E. Signorelli, Donald H. Vogelman, Pariser & Vogelman, New York, NY, for Defendant, Issac Vargas.

### MEMORANDUM ORDER

SWAIN, District Judge.

In motion papers dated August 10, 2005, Defendant Danny Reyes ("Reyes") moves to sever his trial from those of certain of his co-defendants who have made statements implicating Reyes and others, and for permission to join the relevant motions of his co-defendants. In motion papers dated September 8, 2005, Defendant Issac Vargas ("Vargas") moves to sever his trial from those of his co-defendants who have made statements, for early notification and a hearing concerning evidence of prior bad acts under Federal Rule of Evidence 404(b), early disclosure, pursuant to *Brady v. Maryland*[1] and *Giglio v. United States*,[2] of all exculpatory and impeachment material in the Government's possession, and for pretrial identification of and access to Government witnesses.[3] The Government opposes the motions. Having reviewed carefully the parties' respective submissions and for the following reasons, Reyes' application to join Vargas' motion is granted, the Government will be required to redact the co-defendants' statements and to make its Rule 404(b) disclosures and initiate any related motion practice in accordance with the schedule specified below, and Defendants' motions are denied in all other respects.

---

1. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

2. 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

3. Vargas also moved for the suppression of certain physical evidence but has withdrawn that aspect of his motion. Vargas also sought permission to join the relevant motions of his co-defendants but no such motions, other than that of Reyes, has been filed.

*Severance Motion*

■ Defendants Reyes and Vargas seek severances of their trials, citing the Government's anticipated introduction of statements by their co-defendants Porfirio Mejia ("Mejia") and Sadin Tineo ("Tineo") implicating all six of the defendants charged in this crime. According to the criminal complaint in this matter, which is annexed to the Government's opposition papers as Exhibit A, Mejia and Tineo each made a statement to the effect "that he and the other five individuals who were arrested ... were intending to rob individuals they believed were Columbian drug dealers." (Complaint ¶¶ 12, 13.)

Federal Rule of Criminal Procedure 14 provides, in pertinent part, that, "[i]f the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant ... the court may ... sever the defendants' trials." Fed.R.Crim.P. 14 (West 2005). Motions for severance under Rule 14 are committed to the discretion of the district court. *See United States v. Dacunto,* No. 00–620, 2001 WL 13343, at *1 (S.D.N.Y. Jan.5, 2001). "There is a strong federal policy 'favoring joinder of trials, especially when the underlying crime involves a common plan or scheme and defendants have been jointly indicted.'" *Id.* at 3 (quoting *United States v. Cardascia,* 951 F.2d 474, 482–83 (2d Cir. 1991)). A defendant seeking severance bears a "difficult burden of showing that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials." *United States v. Lanza,* 790 F.2d 1015, 1019 (2d Cir. 1986). "A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Even if prejudice is shown, Rule 14 does not require severance, but leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Zafiro v. United States,* 506 U.S. 534, 538–39, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Here, Reyes and Vargas cite potential violations of their rights under the Confrontation Clause of the Constitution and the risk of unfair prejudice arising from introduction of the statements of Mejia and Tineo at a joint trial.

■ "[A] defendant is deprived of his rights under the Confrontation Clause when his co-defendant's incriminating confession is introduced at their joint trial, even if the jury is instructed to consider that confession only against the co-defendant." *Cruz v. New York,* 481 U.S. 186, 187–188, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987), *citing Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, the Supreme Court has held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when ... the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh,* 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); *see also United States v. Romero,* 897 F.2d 47, 53 (2d Cir.1990). The Second Circuit has approved the substitution of neutral pronouns as sufficient, in combination with a limiting instruction, to obviate Confrontation Clause concerns where the statement itself does not otherwise connect the co-defendant with the crime. *United States v. Tutino,* 883 F.2d 1125, 1135 (2d Cir.1989).

In light of these authorities, and in the exercise of the Court's power to manage severance and prejudice issues, the Court

finds that any need for severance can be obviated by appropriate redaction of the Mejia and Tineo statements and use of an appropriate limiting instruction directing the jury not to consider the statements as evidence against any defendants other than the respective declarants. The Government shall redact the statements (and/or adjust appropriately the oral evidence it introduces thereof) so that the statements attributed to Mejia and Tineo refer to the declarant and "other ... individuals ... intending to rob individuals they believed were Colombian drug dealers." With this redaction and the limiting instruction, and in light of the judicial economy considerations served by a joint trial, the Court finds that defendants' rights will be protected appropriately and that no severance is warranted.

### 404(b) Evidence

Defendant Vargas seeks a court order requiring the Government to provide notice of any prior bad acts under Federal Rule of Evidence 404(b) thirty days prior to trial and a hearing, thereafter, to determine the admissibility of this evidence. (Def. Vargas' Mot. at 3.) The Government proffers that it is currently in the process of assessing any 404(b) evidence and intends to seek an *in limine* ruling on this evidence prior to trial. (Govt. Opp. to Severance at 15.) Under Federal Rule of Evidence 404(b), the Government must provide "reasonable notice in advance of trial" of such evidence that it intends to introduce at trial. Fed.R.Evid. 404(b) (West 2005). In light of the long lead time remaining before the March 14, 2006, trial date, the parties' interests and the interests of justice and judicial efficiency will best be served by a schedule that will

permit any issues in this regard to be briefed in advance of the final pretrial conference. Defendants' motion is therefore granted to the extent that: the Government must file and serve its Rule 404(b) disclosures and any related motions *in limine* twenty-eight (28) days before the trial date; Defendants must serve their opposition and any such motions twenty-one (21) days before the trial date; and all such motions must be fully briefed no later than ten (10) days before trial. A final pre-trial conference will be held on March 6, 2006, at 3:00 p.m.

### Immediate Disclosure of Brady and Giglio Material

Defendant Vargas seeks an order requiring the Government to immediately disclose all material that directly exculpates Mr. Vargas under *Brady v. Maryland*[4] and all information that may be used to impeach Government witnesses pursuant to *Giglio v. United States*.[5] (Def. Vargas' Mot. at 3-4.)

■ "Under *Brady*, and its progeny, the government has a duty to disclose favorable evidence known to it, even if no specific disclosure request is made by the defense[,]" *United States v. Payne*,[6] including disclosure of material that may bear on the credibility of its witnesses. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). However, "as a general rule *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir.2001). The Government fails to satisfy its obligations under this doctrine only if the ma-

**4.** 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

**5.** 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

**6.** 63 F.3d 1200, 1208 (2d Cir.1995).

terial is not disclosed in time for its effective use at trial. *Id.* Courts have denied specific discovery orders of *Brady* material where the Government has made good-faith representations that it understands its discovery obligations and has complied with these obligations. *See, e.g. United States v. Massino,* 605 F.Supp. 1565, 1581 (S.D.N.Y.1985), *rev'd on other grounds,* 784 F.2d 153 (2d Cir.1986); *United States v. Schwimmer,* 649 F.Supp. 544, 549 (E.D.N.Y.1986).

The Government proffers that it understands its obligations under *Brady* and will timely disclose any such material. (Govt. Opp. to Severance at 16.) As to impeachment material, the Government represents that it intends to provide any *Giglio* material the Friday before trial is scheduled to begin or, if additional time is reasonably necessary, sufficiently in advance of the witness' testimony. (*Id.*) The Court is satisfied that the Government understands its continuing disclosure obligations and declines to order immediate disclosure or set a particular timetable because there is no showing of circumstances warranting imposition of such an order.

*Witness List, Pre-trial Interviews, and Prior Statements*

■ Defendant Vargas seeks the Government's witness list for trial and an opportunity to interview any informants and alleged co-conspirators. Defendant Vargas also requests all prior statements of Government witnesses. (Def. Vargas' Mot. at 3–4.)

■ While the Government has no special right to control access to its trial witnesses, it does not have a general duty to disclose the identity of witnesses prior to trial. *See United States v. Bejasa,* 904 F.2d 137, 139–140 (2d Cir.1990). However, a district court can require disclosure of a witness list where the defense makes a specific showing that such disclosure is both material and reasonable in light of the circumstances surrounding the case. *Id., citing United States v. Cannone,* 528 F.2d 296, 300 (2d Cir.1975). Similarly, the Government does not need to disclose the identity of a non-testifying informant unless the defense can show that disclosure is material to its case. *See Roviaro v. United States,* 353 U.S. 53, 59–60, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *United States v. Fields,* 113 F.3d 313, 324 (2d Cir.1997). In this connection, it is not sufficient merely to show that "the informant was a participant in and witness to the crime charged." *United States v. Saa,* 859 F.2d 1067, 1073 (2d Cir.1988), *cert. denied,* 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989). Here, Vargas' papers merely request an order requiring a witness list and an opportunity to interview informants "and any alleged co-conspirators before trial." (Def. Vargas' Mot. at 4.) Vargas makes no showing of materiality at all; his request for early disclosure is denied.

The Government is required to disclose statements made by its witnesses pursuant to the Jenks Act, 18 U.S.C. 3500 (West 2005). However, "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *United States v. Nixon,* 418 U.S. 683, 701, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). In fact, the Jenks Act does not require disclosure prior to the completion of the direct testimony of the witness. 18 U.S.C. 3500(b). The practice in this District is to provide both *Giglio* and Jenks Act material at the same time, which should be at least one day prior to the testimony of the witness. *See United States v. Dacunto,* No. 00–620, 2001 WL 13343, at *7 (S.D.N.Y. Jan.5, 2001); *United States v. Victor Teicher & Co. L.P.,* 726 F.Supp. 1424, 1442 (S.D.N.Y.1989). Here, the Government proffers that it is in the process of formulating its order of proof

and determining its witnesses for trial and will provide Jenks Act material the Friday before trial is scheduled to begin or, if additional time is reasonably necessary, sufficiently in advance of the witness' testimony. (Govt Opp. to Severance at 19.) Based on the Government's proffer, no orders are warranted in this respect.[7]

*Miscellaneous Relief Requested*

Vargas also requests permission to file unspecified further motions. The deadline for filing substantive motions in this case was September 26, 2005. The undersigned's Individual Practices Rules require that all motions *in limine* be fully briefed prior to the final pre-trial conference. Defendant's general request, which is construed as one for permission to file further substantive motions at any time before trial, is denied without prejudice to renewal upon a showing of cause for late filing.

### CONCLUSION

For the foregoing reasons, Reyes' application to join Vargas' motion is granted, the Government will be required to redact the co-defendants' statements and to make its Rule 404(b) disclosures and initiate any related motion practice in accordance with the schedule specified below, and Defendants' motions are denied in all other respects.

The Government must file and serve its Rule 404(b) disclosures and any related motions *in limine* twenty-eight (28) days before the March 14, 2006, trial date. Defendants must file and serve their opposition and any such motions relating to Rule 404(b) twenty-one (21) days before the trial date, and all such motions must be fully briefed no later than ten (10) days before trial. The Court hereby sets a final pre-trial conference for March 6, 2006 at 3:00 p.m.

**SO ORDERED.**

---

7. To the extent this evidence of prior statements constitutes *Giglio* material, *see* discussion of *Giglio* and *Brady* material *supra* pp. 5–6.