UNITED STATES of America, Plaintiff

v.

**RODRIGUEZ–TORRES,
et al., Defendants.**

**Criminal No. 07–302 (JAG).**

United States District Court,
D. Puerto Rico.

Jan. 2, 2008.

José A. Ruiz–Santiago, Julia Diaz–Rex, U.S. Attorney's Office, San Juan, PR, for Plaintiff.

Jesus M. Rivera–Delgado, Rivera Delgado Law Office, Lydia Lizarribar–Buxo, Lizarribar Masini Law Office, Ignacio Rivera–Cordero, Rivera, Barreto & Torres Manzano Law Office, Jose G. Gonzalez–Hernandez, Jose G. Gonzalez Hernandez Law Office, Juan M. Masini–Soler, Juan Masini Soler Law Office, Juan A. Pedrosa–Trapaga, Juan A. Pedrosa Law Office, Francisco M. Dolz–Sanchez, Francisco M. Dolz Law Office, David W. Roman, Brown & Ubarri, Jorge A. Galiber–Sanchez, Ivan Aponte–Figueroa, Lee Sepulvado–Ramos, Sepulvado & Associates, PSC, Luis R. Rivera–Rodriguez, Luis Rafael Rivera Law Office, Anita Hill–Adames, Anita Hill Law Office, Ismael Rodriguez–Izquierdo, Ismael Rodriguez Izquierdo Law Office, Rafael Anglada–Lopez, Rafael Anglada Lopez Law Office, Mariangela Tirado–Vales, Mariangela Tirado Vales Law Office, Manuel San–Juan–DeMartino, Manuel San Juan Law Office, Frank D. Inserni–Milam, Frank D. Inserni Law Office, Luis R. Rivera–Gonzalez, Luis R. Rivera Gonzalez Law Office, Luis A. Guzman–Dupont, Luis A. Guzman Dupont Law Office, Rafael F. Castro–Lang, Castro & Castro Law Office, Hector A. Deliz, Deliz & Torres Gonzalez Law Office, Eric M. Quetglas–Jordan, Quetglas Law Office, Francisco Acevedo–Padilla, Acevedo Law Office, Sonia I. Torres–Pabon, McConnell Valdes, Arturo Negron–Vargas, Negron Garcia Law Office, Ruben Cerezo–Hernandez, Benny F. Cerezo Law Office, Wilfredo Diaz–Narvaez, Wilfredo Diaz Narvaez Law Office, Edgar R. Vega–Pabon, Vega Pabon, Rodriguez Encarnacion & Lopez Covas, Ernesto Hernandez–Milan, Ernesto Hernandez Law Office, Laura Maldonado–Rodriguez, Laura Maldonado Law Office, Teodoro Men-

dez–Lebron, Teodoro Mendez Lebron Law Office, Ramon M. Gonzalez–Santiago, Ramon M. Gonzalez Law Office, Miriam R. Ramos–Grateroles, Miriam Ramos Grateroles, Miguel E. Miranda–Gutierrez, Miguel E. Miranda Gutierrez Law Office, Jose R. Aguayo, Jose R. Aguayo Law Office, Fernando J. Carlo–Gorbea, Fernando J. Carlo Law Office, Rosa Ivette Bonini–Laracuente, Bonini Law Office, Lorenzo J. Palomares–Starbuck, Lorenzo Palomares PSC, Victor Velez–Santiago, Velez Quintana PSC, Raul S. Mariani–Franco, Mariani Franco Law Office, Harry Anduze–Montano, Harry Anduze Montano Law Office, Jose F. Blanco–Torres, Law Offices of Jose F. Blanco, Emily Quintana–Reyes, Velez Quintana PSC, William Nadal–Colon, Santiago Puig Law Office, Jose F. Quetglas, Quetglas Law Office, Robert Millan, Millan Law Office, Nereida Melendez–Rivera, McConnell Valdes, Arturo R. Negron–Garcia, Negron Garcia Law Office, Benito I. Rodriguez–Masso, Benito I. Rodriguez Masso Law Office, Ramon L. Garay–Medina, Garay Medina Law Office, Luis E. Palacios, Luis E. Palacios Law Office, Epifanio Morales–Cruz, Francisco M. Lopez–Romo, Johnny Rivera–Gonzalez, John Ward–Llambias, Rachel Brill, Carlos A. Rosario, Enrique Velez–Rodriguez, Jose F. Irizarry–Perez, Luis A. Plaza–Mariota, Jorge L. Armenteros–Chervoni, Gustavo A. Del–Toro–Bermudez, Julio E. Fontanet-Maldonado, Carlos M. Calderon-Garnier, Francisco J. Criado–Vazquez, Guillermo J. Ramos–Luina, Luis I. Santiago-Gonzalez, Carlos A. Vazquez–Alvarez, Carlos Rodriguez–Garcia, Charles E. Fitzwilliam, San Juan, PR, Victor J. Gonzalez–Bothwell, Joseph C. Laws, Federal Public Defender's Office, Hato Rey, PR, Nydia Gonzalez–Ortiz, Santiago & Gonzalez Law Office, Yauco, PR, Octavio M. Rivera–Bujosa, Rivera Bujosa Law Office, Mercedita, PR, Marcos A. Rivera–Ortiz, Rio Piedras, PR, Artemio Rivera–Rivera, Artemio Rivera Law Office, Michael S. Corona–Munoz, Guaynabo, PR, Robert W. Odasz, Robert Odasz Law Office, Victor A. Ramos–Rodriguez, Victor A. Ramos Rodriguez Law Office, Carolina, PR, Julio E. Gil–De–La–Madrid, Gil de Lamadrid, PSC, Eduardo De–Jesus–Garcia, Eduardo A. De Jesus Garcia Law Office, Joseph Deliz–Hernandez, Bayamon, PR, Jorge L. Couto–Gonzalez, Jorge L. Couto Gonzalez Law Office, Manati, PR, Carlos E. Beck, Carlos Beck Law Firm, Gary H. Montilla-Brogan, Aldarondo & Lopez Bras, Juan F. Matos–De–Juan, Guaynabo, PR, PHV Allan B. Kaiser, Allan B. Kaiser, P.L.L.C., Miami, FL, Michael Raymond Hasse, New London, CT, Martin Gonzalez–Vazquez, Ponce, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant Hernan Lugo Oliveri's ("Defendant") Motion for Bill of Particulars. (Docket No. 1269). For the reasons set forth below, the Court **DENIES** the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In this case, a total of one hundred and ten (110) doctors, were charged in a eighty six count Superseding Indictment for having participated in a scheme to improperly obtain a license to practice medicine in Puerto Rico. Specifically, the Superseding Indictment charges Defendant with Count One, a violation of Title 18, *United States Code,* Section 371 (Conspiracy to commit an offense or defraud the United States), and Count Seventy–Three, a violation of Title 18, *United States Code,* Sections 1341 (Mail fraud). (Docket No. 1104).

On December 14, 2007, Defendant filed a Motion for Bill of Particulars alleging that the Superseding Indictment is vague and that said ambiguity prevents him from

preparing an adequate defense. Specifically, Defendant requests that this Court enter an order directing the Government to file and serve a written bill of particulars, stating the following: 1) with whom in particular did Defendant conspire; 2) the method (mail or personal delivery) and form in which Defendant was informed of the results of the original results the Government alleged he obtained in the basic and clinical skill test; 3) the time period in which Defendant was informed of said results; 4) the acts committed by Defendant to have his results changed as alleged by the Government; 5) the person or persons involved in preparing the alleged false results; 6) the time period in which the results were allegedly changed; 7) the method (mail or personal) used to provide Defendant with the alleged false results; and 8) the acts committed by Defendant to further the conspiracy once his alleged false results were obtained. Defendant also requested that certain information made public through a press conference be included in the Superseding Indictment. (Docket No. 1269). On December 18, 2007, the Government opposed Defendant's Motion for Bill of Particulars. (Docket No. 1292).

## STANDARD OF REVIEW

■ Rule 7(f) of the Federal Rules of Criminal Procedure authorizes Courts to direct a filing of a bill of particulars. However, motions for bills of particulars are seldom employed in modern federal practice. *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir.1993). When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause. *See United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir.1992); *Sepulveda*, 15 F.3d at 1192–1193. A bill of particulars is not an investigative tool for defense counsel "to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir.1978). As such, inquiries into government witness lists, *United States v. Largent*, 545 F.2d 1039 (6th Cir.1976), or evidentiary or legal theories, *United States v. Leonelli*, 428 F.Supp. 880 (S.D.N.Y.1977), are generally not proper purposes for a bill of particulars. *United States v. Dubon–Otero*, 76 F.Supp.2d 161, 169 (D.P.R.1999).

## DISCUSSION

■ Defendant requests that a Bill of Particulars be allowed pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. Defendant thus attempts for the government to describe the scope, nature and extent of the conspiracy, the date and places of any additional overt acts or offenses, the identity and status of any alleged co-conspirators. Defendant claims that he cannot adequately prepare to meet the conspiracy charges without the requested information.

■ A conspiracy does not normally occur at only one particular time or place; it often takes shape and is carried out over a period of time, frequently in various locales. *United States v. Hallock*, 941 F.2d 36, 40–41 (1st Cir.1991). A conspiracy may include several overt acts, but, as the government is not required to prove any of the particular acts constituting the conspiracy, the absence of a statement of the precise dates and locations of such acts does not necessarily render the indictment impermissibly vague. *Id.*

■ Thus, if an indictment substantially describes the essential facts constituting the charged offense, within the meaning of Fed.R.Crim.P. 7(c)(1), the government need not describe "the precise dates and locations" of all overt acts. *See id.*; *United States v. Paiva*, 892 F.2d 148, 155 (1st

Cir.1989); *Sepulveda*, 15 F.3d at 1193(requiring a demonstration by the defendant that the denial of a bill of particular would result in prejudice at trial, or other prejudice to a "substantial right"). Essentially, Fed.R.Crim.P. 7(c)(1) requires that the Superseding Indictment in this case contain sufficient information to allow Defendant to prepare his defense. *United States v. Belardo–Quinones*, 71 F.3d 941, 943 (1st Cir.1995).

The Superseding Indictment in the instant case is not ambiguous or vague. The Indictment alleges specific dates of beginning and end of conspiracy, overt acts,[1] Defendant's membership and how the conspiracy scheme operated. No more was required, as the Superseding Indictment substantially described the essential facts constituting the charged offense, within the meaning of Fed.R.Crim.P. 7(c)(1).[2]

██ The decision to grant or deny a bill of particulars falls within the sound discretion of the Court. *Will v. United States*, 389 U.S. 90, 99, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Hallock*, 941 F.2d at 40; *United States v. Barreto–Rivera*, 2006 WL 2464164, *5, 2006 U.S. Dist. LEXIS 60192, *14 (D.P.R.2006). Since there is no basis for concluding that the Superseding Indictment was impermissibly vague, so as to materially hamper trial preparation, cause surprise, or prevent Defendant from defending against double jeopardy, this Court denies Defendant's Motion for Bill of Particulars.[3] Granting Defendant's request would go against the well established principle that a motion for bill of particulars is not an investigative tool for defense counsel to obtain a detailed disclosure of the Government's evidence prior to trial.

### CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Motion for Bill of Particulars. (Docket No. 1269).

IT IS SO ORDERED.

---

**1.** The Superseding Indictment charges Defendant with a violation the general conspiracy statute 18 U.S.C. § 371, which expressly includes an over act requirement. *Whitfield v. United States*, 543 U.S. 209, 214, 125 S.Ct. 687, 160 L.Ed.2d 611 (2005). An overt act is an "act to effect the object of the conspiracy." *Salinas v. United States*, 522 U.S. 52, 63, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997)(internal citations omitted). The Superseding Indictment complies with said requirement because it states seventy-eight overt acts in furtherance of the conspiracy. (See Docket No. 1104, pgs. 46–50).

**2.** *See United States v. de Rubio*, 1996 U.S.App. LEXIS 19529 (1st Cir.1996).

**3.** We interestingly note that our Circuit is of the view that "the denial of a bill of particulars is reversible error only if it is a clear abuse of discretion that causes actual prejudice to a defendant's substantial rights." *United States v. Belardo–Quinones*, 71 F.3d 941, 943 (1st Cir.1995); *United States v. Hallock*, 941 F.2d 36, 40 (1st Cir.1991). We find that Defendant's substantial rights have not been violated in the present case.