**UNITED STATES of America, Plaintiff,**

**v.**

**Luis A. VAZQUEZ–RIJOS [13], Luis Vargas Miranda [14], Luis A. Lopez–Gonzalez [24], Defendants.**

**Criminal No. 08–060(FAB).**

United States District Court, D. Puerto Rico.

April 23, 2008.

Victor P. Miranda–Corrada, Jose L. Novas–Drbien, Irma R. Valldejuli–Perez, San Juan, PR, for defendants.

Ernesto G. Lopez–Soltero, United States Attorney's Office, San Juan, PR, for Plaintiff.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Pending before the Court are defendants Luis Vazquez–Rijos', Luis Vargas–Miranda's, Luis A. Lopez-Gonzalez's motions requesting

bills of particulars. (Docket Nos. 296, 299 and 305). On April 21, 2008, the government opposed. (Docket No. 321) For the reasons stated below, the Court **DENIES** their requests.

 Rule 7(f) of the Federal Rules of Criminal Procedure authorizes courts to direct a filing of a bill of particulars. The function of a bill of particulars is to provide a defendant with necessary details of the charges against him or her, to enable the defendant to prepare his or her defense, to avoid surprise at trial, and to protect against double jeopardy. *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir.1992); *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989); *United States v. Leach*, 427 F.2d 1107, 1110 (1st Cir.1970).

When an indictment is sufficiently specific there is no need to grant a bill of particulars. The grant or denial of a motion for a bill of particulars lies within the sound discretion of the trial judge. *Abreu*, 952 F.2d at 1469.

A bill of particulars is not an investigative tool for defense counsel "to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir.1978). Inquiries into government witness lists, *United States v. Largent*, 545 F.2d 1039 (6th Cir. 1976), or evidentiary or legal theories, *United States v. Leonelli*, 428 F.Supp. 880 (S.D.N.Y.1977), are generally not proper purposes for a bill of particulars either. *United States v. Dubon–Otero*, 76 F.Supp.2d 161, 169 (D.P.R.1999).

In their motions for bills of particulars the defendants argue that the indictment fails to specify the particular or exact article or commodity whose movement through commerce they affected.[1] Having considered defendants' request and the charges filed against them, it is clear that the indictment contains sufficient information to appraise defendants of the charges against them, to allow them to prepare their defenses adequately and to be protected from double jeopardy.[2] Therefore, defendants' requests are **DENIED**.

**IT IS SO ORDERED.**

---

1. *See,* Docket No. 172, Counts 11 and 12.

2. In fact, the government is not required to prove with specificity any act by each defendant but acts which carry criminal complicity as in conspiracy charges when actions in furtherance of the conspiracy are alleged. *Paiva*, 892 F.2d at 155.