**UNITED STATES of America,**
**Plaintiffs,**

v.

**Frank PEAKE, Defendants.**

**Case No. 11–CR–512 DRD.**

United States District Court,
D. Puerto Rico.

July 23, 2012.

Brent Snyder, Craig Y. Lee, Jessica Lefort, Michael L. Whitlock, U.S. Department of Justice, Washington, DC, for Plaintiffs.

A. Margot Moss, David Oscar Markus, Markus & Markus, PLLC, Miami, FL, Francisco Rebollo–Casalduc, Francisco Rebollo Casalduc Law Office, San Juan, PR, for Defendant.

## ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

On November 17, 2011, Defendant Frank Peake was indicted by a Grand Jury on one count of conspiracy to fix rates and surcharges for Puerto Rico freight services, in violation of the Sherman Act, 15 U.S.C. § 1. Pending before the Court is Peake's *Motion for a Bill of Particulars* (Docket No. 64) filed on June 8, 2012.[1]

Defendant is charged with conspiring to suppress and eliminate competition by fixing rates and surcharges for Puerto Rico freight services. "The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the Defendant and his co-conspirators, the substantial terms of which were to fix rates and surcharges for Puerto Rico freight services." (Docket No. 1). Various corporations and individuals, not named as Defendants in the indictment, allegedly participated as co-conspirators in the offense charged, performed acts and made statements in furtherance thereof. The indictment states that Defendant, together with his co-conspirators, allegedly participated in meetings, conversations and communications regarding

---

1. A bill of particulars is a written statement submitted by the prosecution at the request of the defendant, providing the defendant with detailed information about the facts concerning the criminal charges made against him or her in the indictment or compliant. Rule 7(f) of the Federal Rules of Criminal Procedure authorizes courts to direct a filing of a bill of particulars.

Puerto Rico freight services; agreed as to the allocation of customers and agreed as to fixing, stabilizing and maintaining rates and surcharges to their customers; and agreed during the meetings, conversations and communications to rig bids submitted to the government and commercial customers of Puerto Rico freight services, among other general elements of the conspiracy stated in the indictment. The above described conduct allegedly occurred between late 2005 and April 2008.[2]

In his *Motion for Bill of Particulars,* Peake alleges that the criminal activity charged in the indictment lacks sufficient facts to enable him to prepare an effective defense. He argues that the Government's indictment is vague and lacks sufficient details. For instance, Defendant notes that the indictment briefly describes the conspiracy as consisting of "meetings, conversations and communications." Defendant states that the indictment fails to specify the identities of the participants in the alleged conspiracy; when the alleged conspiratorial meetings and communications occurred; which of those meetings the Defendant supposedly attended; the alleged overt act(s) in furtherance of the conspiracy; and when, where and how the Defendant allegedly entered the conspiracy.

The Government opposed Defendant's motion arguing that Defendant has sufficient information to appraise himself of the charges against him, especially in light of the vast discovery produced in the instant matter. The Government has already provided Defendant with approximately 1.5 million non-privileged documents obtained from the executed search warrant and subpoena. Among the documents are: "(1) documents from each carrier that provides the subject freight services; (2) documents from internet service providers that hosted secret email accounts through which the conspiracy was, in part, surreptitiously carried out, and (3) telephone records reflecting the date, time, and length of hundreds of telephone calls between defendants and his co-conspirators." (Docket No. 68). The Government further states that granting Defendant's Motion would be prejudicial to the case and counter to the Rules of Criminal Procedure.

■ The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." U.S. Const. Amend. VI. The purpose of an indictment is to inform a defendant of the crime that is charged against him, giving him enough information to defend himself and enabling him to plead double jeopardy in bar of future prosecutions for the same offense. Fed. R.Crim.P. 7(c)(1). An indictment "is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against him which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States. v. Allard,* 864 F.2d 248, 250 (1st Cir.1989) (quoting *United States v. Serino,* 835 F.2d 924, 929 (1st Cir.1987)). An indictment is sufficiently particular if it elucidates elements of crime, enlightens defendant as to nature of charges against which he must defend, and enables him to plead double jeopardy in bar of future prosecutions for same offense. *United States v. Whiffen,* 121 F.3d 18, 21 (1st Cir.1997).

**2.** During that time, Peake was the Chief Operating Officer, and later President, of Sea Star Lines. Sea Star Lines is a major freight carrier providing maritime shipping services to Puerto Rico.

An indictment substantially describes the essential facts constituting the charged offense, within the meaning of Fed. R.Crim.P. 7(c)(1) and the government need not describe "the precise dates and locations" of all overt acts. *See United States v. Hallock*, 941 F.2d 36, 40–41 (1st Cir. 1991); *United States v. Paiva*, 892 F.2d 148, 155 (1st Cir.1989); *United States v. Sepulveda*, 15 F.3d 1161, 1193 (1st Cir. 1993), cert. denied, 512 U.S. 1223, 114 S.Ct. 2714, 129 L.Ed.2d 840 (1994) (requiring a demonstration by the defendant that the denial of a bill of particular would result in prejudice at trial, or other prejudice to a "substantial right."). *Hallock*, 941 F.2d at 40 (quoting *Paiva*, 892 F.2d at 154).

■■■ "[M]otions for bills of particulars are seldom employed in modern federal practice. When pursued they need to be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *Sepulveda*, 15 F.3d at 1192; *see United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir.1992), *United States v. Rodríguez–Torres*, 560 F.Supp.2d 108, 111 (D.P.R.2008). "A defendant must show actual prejudice and point to 'specific' evidence or witnesses that the lack of particularization prevented him from obtaining." *United States v. Nelson–Rodríguez*, 319 F.3d 12, 31 (1st Cir.2003) (citing *United States v. Arboleda*, 929 F.2d 858, 869 (1st Cir.1991)). "A bill of particulars is not an investigative tool for defense counsel 'to obtain a detailed disclosure of the government's evidence prior to trial.'" *Rodríguez–Torres*, 560 F.Supp.2d at 111 (quoting *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir.1978)). Defense counsel may not use a bill of particulars to gather more information than what is constitutionally and statutorily permitted. *United States v. Arlen*, 947 F.2d 139, 145 n. 7 (5th Cir. 1991)(the Government is not required to disclose its theory of the case or the supporting evidentiary facts in the indictment.)

■■ "The decision to grant or deny a bill of particulars falls within the sound discretion of the [District] Court." *Will v. United States*, 389 U.S. 90, 99, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). "The function of a bill of particulars is to provide a defendant with necessary details of the charges against him or her, to enable the defendant to prepare his or her defense, to avoid surprise at trial, and to protect against double jeopardy." *United States v. Vázquez–Rijos*, 250 F.R.D. 99, 100 (D.P.R.2008) (internal citations omitted). "When an indictment is sufficiently specific there is no need to grant a bill of particulars. The granting or denial of a motion for a bill of particulars lies within the sound discretion of the trial judge." *Id.* (quoting *Abreu*, 952 F.2d at 1469).

■■ "A conspiracy does not normally occur at only one particular time and place; it often takes shape and is carried out over a period of time, frequently in various locales. A conspiracy may include several overt acts, . . . [T]he absence of the precise dates and locations of such acts does not necessarily render the indictment impermissibly vague." *Rodríguez–Torres*, 560 F.Supp.2d at 111. The Government need not describe the precise dates and locations of the overt acts. *Hallock*, 941 F.2d at 41 (rejecting Defendant's claim that the indictment was invalid because it did not specify precise dates or locations of the conspiracy or the names of all conspirators). *Paiva*, 892 F.2d at 154–155 (1st Cir.1989)(confirming that a bill of particulars was not warranted for an indictment that did not contain specific dates, times, and places of any particular act of the conspiracy). Furthermore, as to the anti-

trust offense charged by the instant indictment, "[a]n indictment charging a violation of section one of the Sherman Act is not required to allege any overt act. Because the Sherman Act punishes the mere act of conspiring, overt acts in furtherance of the conspiracy need not be alleged." *Nash v. United States*, 229 U.S. 373, 378, 33 S.Ct. 780, 57 L.Ed. 1232 (1913); *United States v. Crochiere*, 129 F.3d 233, 237 (1st Cir.1997).

In the instant case, the indictment alleges that the purpose of the conspiracy was "to suppress and eliminate competition by agreeing to fix rates and surcharges for Puerto Rico freight services." (Docket No. 1). Furthermore, the indictment states that the conspiracy consisted of a "continuing agreement, understanding, and concert of action among the defendant and his co-conspirators." The indictment provides an overview alleging that the Defendant, in agreement with his co-conspirators, participated in meetings, conversations and communications regarding Puerto Rico freight services; agreed as to the allocation of customers and agreed as to fixing, stabilizing and maintaining rates and surcharges to their customers, among other general elements of the conspiracy stated in the indictment. The indictment also states the general time period the alleged conspiracy operated. Armed with these firm allegations, the Court finds that the indictment provides Defendant with sufficient information to be able to adequately prepare a defense and is therefore acceptable without the need for further specific information. *Allard*, 864 F.2d at 250.

Defendant advances that the indictment is not as fulsome as it perhaps otherwise could be; however, at the pleadings stage, the Government is not required to supply the precise time, date, manner, or locations of the alleged acts that the Defendant, or the alleged conspirators committed. *Paiva*, 892 F.2d at 154–155. Moreover, the Defendant is still able to adequately prepare a defense without the information requested. *Sepulveda*, 15 F.3d at 1192 (motions for bills of particulars are granted only if the absence of more detailed specification will disable the accused from preparing a defense). The elements of the crime are elucidated and the indictment is sufficiently particularized as to plead double jeopardy should future prosecutions be brought against Peake. *Whiffen*, 121 F.3d at 21 (an indictment must enable a Defendant to plead double jeopardy in bar of future prosecutions for same offense.) *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Perez–Perez*, 72 F.3d 224, 226 (1st Cir.1995).

Information as to the specific dates and location of the alleged acts and the identities of the co-conspirators, as requested by the Defendant, are not essential elements for the preparation of Peake's defense. Hence, the Court determines that the denial of the information requested will not hinder the Defendant's rights.

After carefully considering Defendant's request, together with the indictment and the nature of the charges filed against him, the Court uses its sound discretion to conclude that the indictment, along with the substantial discovery produced, provide the Defendant with sufficient information to appraise himself of the charges against him and allow him to adequately prepare a defense for trial. Also, the indictment provides Defendant with sufficient particulars to avoid unfair surprise at trial and protect against Double Jeopardy.

For the reasons stated above, the Court hereby **DENIES** Defendant's *Motion for Bill of Particulars* (Docket No. 64).

**IT IS SO ORDERED.**